IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ELIUT ROBLES APONTE,

    Plaintiff,

    v.                                          CIVIL NO. 04-1786 (RLA)

SEVENTH DAY ADVENTIST CHURCH
INTERAMERICAN DIVISION, et al.,

    Defendants.

## ORDER IN THE MATTER OF OUTSTANDING MOTIONS

The parties have filed a series of interrelated motions raising issues ranging from the proper parties to this action, the adequacy of the claims asserted as well as the maximum award allowable as damages. The various issues having been fully briefed by counsel, we shall proceed to address them *seriatim*.

## BACKGROUND

The claims asserted in this case arise from an allegedly unauthorized reproduction of part of a 230-page copyrighted book written by plaintiff entitled *Florilegio de Programas*. The purportedly infringing seven-page article was published in a 2003 edition of a magazine called *Visión Juvenil*.

## DISMISSAL OF COUNTS FOUR AND FIVE

Defendants moved to dismiss Count Four (Torts) and Count Five (Unjust Enrichment) of the Amended Complaint filed on September 1,

**CIVIL NO. 04-1786 (RLA)**                                                                 **Page 2**

2005 (docket No. 28)[1] on preemption grounds under the Copyright Act. Plaintiff having consented thereto, these claims are hereby **DISMISSED.** Judgment shall be entered accordingly.

### JOINDER OF PARTY PLAINTIFFS

Defendants further contend that given the economic nature of the damages sought in these proceedings they constitute community property and hence, plaintiff's spouse and their conjugal partnership should be included as necessary plaintiffs to this action pursuant to Rule 19(a)(1) Fed. R. Civ. P. to avoid the possibility of a null judgment. Plaintiff, on the other hand, argues that the monies to be awarded in this case are based on work flowing from his personal skills and are therefore, not community property.

We find, however, that even assuming *arguendo* that the claims involved in this case are indeed property of the conjugal partnership these additional parties are not indispensable to this litigation. The Puerto Rico Supreme Court has specifically determined that after the 1976 amendment to art. 91 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. tit. 31 § 284 (1993), whereby both spouses are deemed co-administrators of community property, ordinarily any one of them can prosecute a claim for damages property of the conjugal partnership without the need to include or mention in the complaint either the conjugal partnership or the other spouse. Vázquez Ortiz v. López

---

[1] *See,* Response to Defendants' Motion to Dismiss (docket No. **40**).

**CIVIL NO. 04-1786 (RLA)**                                                                 **Page 3**

Hernández, 2003 TSPR 173; <u>Urbino v. San Juan Racing Assoc., Inc.</u>, 141 D.P.R. 210, 215 (1996).

We find no reason in this case to depart from this general proposition. Accordingly, defendants' request for the court to order plaintiff's spouse and conjugal partnership to be included as plaintiffs is **DENIED**.

## FURTHER AMENDMENT TO COMPLAINT

Plaintiff seeks to amend the complaint yet again to properly assert an Unfair Competition claim and to include an additional party defendant.

Although, ordinarily, leave to amend the complaint is liberally granted the court may decline the request when the proposed amendment would be futile. <u>Kemper Ins. Companies v. Fed. Exp. Corp.</u>, 252 F.3d 509, 515 (1st Cir. 2001); <u>Maurice v. State Farm Mut. Auto. Ins. Co.</u>, 235 F.3d 7, 11 (1st Cir. 2000); <u>Carlo v. Reed Rolled Thread Die Co.</u>, 49 F.3d 790, 792 (1st Cir. 1995). Leave may also be denied where the amendment would be prejudicial to the opposing parties given the advanced procedural status of the case. *See, i.e.*, <u>Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.</u>, 156 F.3d 49, 51 (1st Cir. 1998).

### Unfair Competition

In his Third Cause of Action of the Amended Complaint plaintiff asserts a claim for Unfair Competition. Plaintiff concedes that due to an inadvertent mistake at ¶ 2 of the Amended Complaint it appears

**CIVIL NO. 04-1786 (RLA)**                                                                                      **Page 4**

that this allegation was made pursuant to the laws of Puerto Rico[2] and requests leave to amend the complaint to plead a cause of action under the Lanham Act § 43(a), 15 U.S.C. 1125(a) instead.

In support of his position plaintiff argues that the unauthorized publishing and editing of his work is likely to "cause[] confusion in consumers as to the origin of the work."[3] However, as defendants correctly point out, in <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 123 S.Ct. 2041, 156 L.Ed.2d 18 (2003) the U.S. Supreme Court rejected this argument. In that case the Supreme Court specifically ruled that "the phrase 'origin of goods' in the Lanham Act in accordance with the Act's commonlaw foundations (which were *not* designed to protect originality or creativity), and in light of the copyright and patent laws (which *were*), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." *Id.* 599 U.S. at 37 (italics in original). *See also*, <u>Zyla v. Wadsworth</u>, 360 F.3d 243, 252 (1st Cir. 2004).

Based on the foregoing, we find that granting plaintiffs' request for leave to amend the complaint to assert a claim under sec. 43(a) of the Lanham Act would be futile and hence, it is **DENIED.**

---

[2] *See* Request for Leave to File Second Amended Complaint (docket No. **46**).

[3] Surreply Memorandum (docket No. 62) p. 7.

**CIVIL NO. 04-1786 (RLA)**                                                                   **Page 5**

### Additional Defendant

In his motion to amend the complaint plaintiff also seeks to include INTERAMERICAN DIVISION PUBLISHING ASSOCIATION, INC., "another corporation that is responsible for the distribution and publishing of 'Vision Juvenil'", as an additional party defendant.[4]

Given the advanced procedural status of this case as well as the discovery conducted thus far we see no benefit in allowing the amendment. No valid reasons have been proffered to offset the prejudice caused by the delays associated with the addition of a new party at this stage of the proceedings. Further, as fully discussed below, in view of the vast number of defendants already named as parties to this litigation[5] - who would be jointly and severally liable to plaintiff under 17 U.S.C. § 504(c) for a single infringement - we fail to see how the amendment would benefit plaintiff.

Accordingly, the request to include an additional defendant is **DENIED**.

---

[4] Request for Leave to File Second Amended Complaint (docket No. 46) ¶ 2.

[5] Currently named defendants are: SEVENTH DAY ADVENTIST CHURCH, PUERTO RICO UNION; SEVENTH DAY ADVENTIST CHURCH, INTERAMERICAN DIVISION; SEVENTH DAY ADVENTIST CHURCH, NORTH PUERTO RICO MISSION; SEVENTH DAY ADVENTIST CHURCH, SOUTH PUERTO RICO MISSION, SEVENTH DAY ADVENTIST CHURCH, EAST PUERTO RICO CONFERENCE; SEVENTH DAY ADVENTIST CHURCH, WEST PUERTO RICO CONFERENCE, PASTOR BERNANDO RODRIGUEZ and *VISION JUVENIL*.

**CIVIL NO. 04-1786 (RLA)**                                                          **Page 6**

## LIMIT ON STATUTORY DAMAGES

Defendants have requested the court to limit plaintiff's entitlement to recovery of statutory damages in this case to a single award. Plaintiff objects to the petition arguing that each infringement by each named defendant is separately compensable under the statute.[6]

In copyright infringement cases 17 U.S.C. § 504(c) allows plaintiffs to choose between actual damages and profits or "an award of statutory damages for all infringements involved in the action, with respect to any one work... for which any two or more infringers are liable jointly and severally".

If various defendants partake in an event or series of events which violate rights protected by the Copyright Act they will be held jointly and severally liable to plaintiff. "[W]here two or more defendants contributed to the infringement, they are all jointly and severally liable for the award of statutory damages." Branch v. Ogilvy & Mather, Inc., 772 F.Supp. 1359, 1364 (S.D.N.Y. 1991). *See also*, Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., Inc., 807 F.2d 1110, 1116 (2nd Cir. 1986) ("infringement flowed from

---

[6] In the Amended Complaint plaintiff prays for copyright damages "the greater of: (1) actual damages suffered by Plaintiff... or, (2) statutory damages for willful infringement in a total amount, not less than one hundred and fifty thousand dollars ($150,000.00) **for each one of the infringements committed by each one of the co-defendants,** pursuant to 35 [sic] U.S.C. § 504(c)." ¶ C p.10 (emphasis ours).

**CIVIL NO. 04-1786 (RLA)**                                                                 **Page 7**

[defendants'] joint action... As a consequence, their liability is necessarily joint and several.")

It is uncontested that the named defendants in this suit acted in common accord to have the purportedly infringing article published and distributed among the members of the defendant church. In fact, this is specifically alleged by plaintiff in the complaint where, in pertinent part, it is stated:

> Defendants **jointly** developed, derived, reproduced, promoted, distributed, displayed and sold the unlawful copies of the magazine of reference containing part of Plaintiff's book. As such Defendants **jointly infringed** upon Plaintiff's registered copyrights. Defendants are **jointly and severally liable for all copyright damages**....

Amended Complaint ¶ 27 (emphasis ours).

Once defendants are deemed to have acted jointly and severally plaintiff's recovery is limited to a single statutory damages award regardless of the number of defendants who took part in the infringement. "[W]hen statutory damages are assessed against one defendant or group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work." Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 294 (9th Cir. 1997), *rev'd on other grounds sub nom.* Feltner v. Columbia Pictures Televison, Inc., 523 U.S. 340, 118

**CIVIL NO. 04-1786 (RLA)** **Page 8**

S.Ct. 1279, 140 L.Ed.2d 438 (1998). "Where two or more persons have joined in or contributed to a single infringement of a single copyright, they are all jointly and severally liable, and in such circumstances, in a single infringement action there is but a single set of statutory damages... for which all such persons are liable." 4 M. Nimmer & D. Nimmer, Nimmer on Copyright § 14.04[E][2][d] (footnotes omitted). *See also*, RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co., 845 F.2d 773, 778-9 (8th Cir. 1988) ("Since the award was joint, the copying of one work by more than one retailer was considered one infringement under 17 U.S.C. § 504; accordingly, statutory damages for only one infringement per work could be awarded, no matter how many retailers participated in infringing the work.")

It appearing that since defendants in this case acted jointly and severally, should plaintiff prevail on his claim for statutory damages his relief would be limited to a single award inasmuch as all purportedly infringing acts pertain to a single piece of work, i.e., plaintiff's copyrighted book. *See, i.e.*, Venegas-Hernandez. v. Sonolux Records, 370 F.3d 183 (1st Cir. 2004) (statutory damages calculated on the basis of the number of works infringed not on the number of infringements).

Accordingly, defendants' petition to limit any award of statutory damages is **GRANTED**.

**CIVIL NO. 04-1786 (RLA)** **Page 9**

**CONCLUSION**

Based on the foregoing, the following motions are disposed of as follows:

- Motion by all Defendants to Dismiss Counts Three, Four and Five of the Amended complaint and to Join Real Party in Interest as Plaintiff (docket No. **36**)[7] is **GRANTED** in part and **DENIED** in part. Judgment shall be entered accordingly.
- Request for Leave to File Second Amended Complaint (docket No. **46**)[8] is **DENIED.**
- The Motion by all Defendants to Limit any Award of Statutory Damages (docket No. **47**)[9] is **GRANTED.**

It is further ORDERED that plaintiff shall submit an amended complaint in accordance with the terms of this Order **on or before August 21, 2006.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 4th day of August, 2006.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge

---

[7] *See also*, Response (docket No. **40**); Reply (docket No. **44**) and Surreply Memorandum (docket No. **62**).

[8] Opposition (docket No. **55**); Reply (docket No. **68**) and Surreply. Leave to file surreply (docket No. **73**) is **GRANTED.**

[9] *See*, Response (docket No. **54**); Reply (docket No. **61**) and Surreply (docket No. **71**).